AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
4/14/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: eva DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

**FILED**
Apr 14, 2021
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY: Nancy Boehme
Deputy Clerk, U.S. District Court

United States of America

Plaintiff

v.

Joseph Lee Taiese,

Defendant

Case No. 8:21-mj-00254-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of January 7th, 2021 in the county of Orange County in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Robert Velasco
Complainant's signature

Robert Velasco, Task Force Officer (FBI)
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: April 14, 2021

**DOUGLAS F. McCORMICK**
Judge's signature

City and state: Santa Ana, California

Hon. Douglas F. McCormick, U.S. Magistrate Judge
Printed name and title

**A F F I D A V I T**

I, Robert Velasco, being duly sworn, hereby declare and state as follows:

## I. INTRODUCTION

1. I am a Detective with the Santa Ana Police Department ("SAPD") and also a federally deputized Task Force Officer ("TFO") presently working with the Federal Bureau of Investigation ("FBI"). As a TFO with the FBI, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I am assigned to the Orange County Asian Organized Crime Task Force ("OCAOCTF"). The OCAOCTF is composed of federal, state, and local law enforcement agencies, including, but not limited to, the FBI, the California Department of Justice, and the SAPD. The OCAOCTF is responsible for, among other things, investigating violations of federal law committed by Asian criminal enterprises in Orange County. Prior to this assignment with the FBI, I was a SAPD Police Officer and have been so employed for approximately seven years.

3. I have specialized training and experience in investigations of narcotics trafficking, illegal gambling, and criminal street gangs. During my tenure as a Police Officer, as well as an FBI TFO, I have conducted and participated in numerous investigations of criminal activity, specifically including narcotics trafficking, racketeering, illegal gambling,

1

firearms violations, extortion, and violent offenses committed by street gangs.  Since joining the OCAOCTF in 2019, I have specialized in investigations of Asian criminal enterprises and their subordinate gangs in Orange County and Los Angeles County. As part of these investigations, I have also learned about the drug-trafficking organizations that supply street gangs with illegal narcotics.

## II. PURPOSE OF AFFIDAVIT

4.   This affidavit is made in support of a criminal complaint and arrest warrant against JOSEPH LEE TAIESE ("TAIESE") for a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of ammunition).

5.   The facts set forth in this affidavit are based upon information obtained from other law enforcement personnel, reports and database queries, my personal knowledge, and my training and experience.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant, and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## III. SUMMARY OF PROBABLE CAUSE

6.   On or about January 7, 2021, SAPD Directed Patrol Officers were conducting surveillance at a known "slap house" located at 326 North Mountain View Street in the City of Santa Ana, California ("326 N Mountain View").  Based on my training,

experience, and knowledge as it pertains to illegal gambling, I know that a slap house is a residence where patrons can illegally gamble on illegal gambling devices. I also know it is very common for narcotics and firearms to be sold at these slap houses.

7. Officers observed four subjects exit 326 N Mountain View and run full sprint up the street and into the alley. Officers in a marked police vehicle saw TAIESE and another subject running towards their direction. Once TAIESE and the other subject saw the police unit, they changed their direction of travel. Officers observed TAIESE running while holding his waistband, which, based on their training and experience, was consistent with holding a weapon. The Officers formed the opinion that TAIESE and the other subject may be involved in criminal activity and attempting to flee.

8. Officers observed TAIESE run into a liquor store. One officer entered the liquor store and asked the employees where TAIESE ran. The employees directed officers to the rear of the store. Officers then saw TAIESE step out from the rear employee area, where he was detained.

9. Officers asked the employees where TAIESE ran to when he first entered the store. The employees told Officers TAIESE ran to the restroom. Officers searched the restroom and found a firearm next to the toilet. The officers asked the employees if the firearm in the restroom belonged to them, and they said that it did not.

10. Officers viewed recorded surveillance footage of TAIESE inside the store. The footage showed TAIESE run towards the back of the store, and then appear to throw or hide something in the restroom. TAIESE then tried to flee through a locked rear door.

11. TAIESE is a convicted felon, and the ammunition traveled through interstate commerce.

## IV. STATEMENT OF PROBABLE CAUSE

### A. Offense Conduct

12. I have reviewed a January 7, 2021 police report prepared by SAPD Officer M. Smith regarding the arrest of TAIESE. I have also reviewed January 7, 2021 police reports prepared by SAPD Officers M. Cuevas and L. Gonzalez, and SAPD CSI Investigators S. Paschoal and T. Parent, who assisted Officer Smith. Based on my review of those reports and my conversation with Officer Smith, I have learned the following facts:

   a. On or about January 7, 2021, Officer Smith was working a two-man Directed Patrol detail with Officer T. Booth. They were patrolling the area of 300 North Mountain View Street, Santa Ana, California, in direct response to complaints they received in reference to a slap house, which was located at 326 N Mountain View. They positioned their marked police vehicle several blocks away from the residence.

   b. Officer Gonzalez was working as an undercover surveillance unit and was watching the slap house at 326 N Mountain View. Around 11:41 a.m., Officer Gonzalez observed

four subjects exit the slap house and run at a full sprint northbound on Mountain View Street. The subjects then ran westbound into an east/west alley that runs from Mountain View Street to Newhope Street.

        c.    Officer Smith drove his police vehicle southbound on Newhope Street as Officer Gonzalez was giving updates on the subjects' direction of travel. Officer Smith then saw two subjects, later identified as TAIESE and Daniel Morales ("Morales"), running towards him. Both subjects looked at Officer Smith's police vehicle and immediately changed their course of direction and ran northbound into the car wash parking lot located on the southeast corner of 5th Street and Newhope Street. Officer Smith observed both subjects distinctly look over their shoulders at his police vehicle. Officer Smith noticed TAIESE was wearing red shoes, a red hat, and a gray sweater. Officer Smith also noticed TAIESE was holding his waistband area with his left hand as he was running, consistent with an individual trying to hold a weapon in place.

        d.    Officer Smith observed TAIESE run into a small liquor store, "El Mercado Liquor," located at 4410 West 5th Street. Officer Smith lost sight of Morales, who ran into an adjacent business within the same complex.

        e.    At the time, Officer Smith knew the following: several subjects had fled from a known slap house, an establishment that is known to shelter and accommodate criminal elements. Further, Officer Smith knew shootings, stabbings, and other serious violent felony crimes are commonplace inside of

5

these illegal businesses, and he observed TAIESE running with his left hand on his waistband. Based on these facts, Officer Smith formed the opinion that TAIESE and Morales were involved in criminal activity and were attempting to flee.

      f.    Officer Smith entered the liquor store and asked an employee where TAIESE went. An employee walked out of the rear area of the store and gestured behind him. A moment later, TAIESE stepped out from an employee area walkway that led to the rear of the business. Officer Smith detained TAIESE and asked him if he was on probation or parole. TAIESE said he was on probation. Officer Smith then relinquished TAIESE to SAPD Officer Z. Jezulin.

      g.    Officer Smith asked the employees of the liquor store where TAIESE ran. They told him, "el baño," which means "the bathroom" in Spanish. Officer Cuevas spoke further with the employees, who were mostly Spanish-speaking. The employees told Officer Cuevas that they saw TAIESE run towards the back of the business and into the restroom. The employees also provided surveillance footage from inside of the business showing TAIESE running to the rear of the store. The surveillance footage also showed TAIESE appearing to throw or hide something in the restroom and then trying to flee through a locked rear door.

      h.    Officer Smith searched the restroom TAIESE was seen exiting. Officer Smith found a subcompact semi-automatic handgun to the left of the toilet. The handgun was in the area where TAIESE was seen reaching into, and apparently attempting to discard something, on the surveillance footage. The manager

6

and employees at the liquor store denied ownership of the firearm and told Officer Cuevas they were afraid of the firearm.

  i. The handgun was a polymer80-style firearm, which is similar in size to a Glock model 19 firearm. It did not have a serial number. Officer Smith rendered the handgun safe. At the time it was seized, the firearm contained five rounds of 9mm caliber ammunition. One round was in the chamber, and four rounds were in the 17-round capacity 9mm-extended magazine.

  j. Based on personal knowledge, which included a previous contact and arrest, Officer Smith recognized TAIESE as a former parolee who had the moniker "Drama" and was a documented "Enemy Kings" gang member. Further, Officer Smith knew TAIESE had a violent criminal history with two strikes on his criminal record. Officer Smith arrested TAIESE for violations of California Penal Code § 29800(a) (felon in possession of a firearm), § 30305(a)(1) (prohibited person in possession of ammunition), § 25850(c)(1) (carrying a loaded firearm with prior felony conviction), and § 25850(c)(6) (carry concealed/loaded firearm: not registered owner).

  k. Officer Smith read TAIESE his Miranda rights. Officer Smith asked TAIESE if he knew he could not have a gun as a felon. TAIESE responded by saying, "I know," and shook his head yes. Officer Smith then asked TAIESE about the ammunition he possessed. TAIESE responded with, "I have no answer for you." The interview was concluded.

  l. CSI Investigator T. Parent took possession of the handgun. She took photographs of the handgun, magazine, and

7

ammunition.  She processed the handgun and magazine for possible biological evidence.  Additionally, she dusted all items for latent fingerprints, which met with negative results.  The handgun, magazine, and ammunition were booked into Evidence/Property at the SAPD.

   m. On January 11, 2021, Officer Gonzalez authored a DNA search warrant for TAIESE after his refusal to voluntarily give a sample on the date of his arrest (January 7, 2021).  The Honorable G. Apkarian signed the search warrant and it was executed on January 11, 2021, at the Orange County Sheriff's Department Theo Lacy Facility, located at 501 The City Drive, Orange, California.  CSI Investigator Paschoal conducted the DNA buccal swab.  She collected two buccal swabs from TAIESE.  The buccal swabs were allowed to dry and were then booked into the freezer locker at the SAPD.

   n. The bio swabs from the 9mm handgun and the two buccal swabs from TAIESE were sent to the Orange County Sheriff's Department Crime Lab for an examination.  On or about March 30, 2021, Forensic Scientist L. Dieter found that there was very strong support that TAIESE was the major contributor to the DNA mixture obtained from the trigger and slide samples.

  B. <u>The Ammunition</u>

 13. On January 7, 2021, CSI Investigator Parent inspected and photographed the ammunition that was seized on the same date.  The five rounds of the 9mm caliber ammunition have head stamps marked with the letters "WMA18."

14.     On April 8, 2021, I contacted FBI Special Agent ("SA") and Certified Firearms Specialist Trevor Twitchell regarding the ammunition recovered in this case.  On April 8, 2021, SA Twitchell examined the ammunition seized as evidence by SAPD on January 7, 2021, and determined the following: The five rounds of Winchester 9mm caliber ammunition stamped "WMA18" were manufactured in either Mississippi, Illinois, or internationally.

      C.    **Defendant's Prior Felony Convictions**

15.     I have reviewed a copy of TAIESE's criminal history summary and noted that TAIESE has multiple misdemeanor and felony convictions.  I have also obtained and reviewed certified court records from the Orange County Superior Court for certain felony convictions sustained by TAIESE prior to January 7, 2021.  Based on my review of those records, I have learned that TAIESE was convicted of the following felonies on or about the dates specified below:

      a.     On October 25, 1995, felony convictions for (1) unlawful taking of a vehicle, in violation of California Vehicle Code § 10851; and (2) receiving stolen property in violation of California Penal Code § 496(a), in the Orange County Superior Court, Case No. 95CF2712, for which he was sentenced to 3 years of probation and 180 days in the county jail;

      b.     On March 30, 2000, a felony conviction for (1) possession of a controlled substance, in violation of California Health & Safety Code § 11377(a), in the Orange County

Superior Court, Case No. 00CF0789, for which he was sentenced to 36 months of probation and 180 days in the county jail;

   c. On July 2, 2001, felony convictions for (1) carrying a concealed weapon on person/vehicle, in violation of California Penal Code § 12025; and (2) carrying a loaded firearm/previous felony conviction, in violation of California Penal Code § 12031(a)(2)(a), in the Orange County Superior Court, Case No. 01NF1360, for which he was sentenced to 16 months in the state prison;

   d. On March 9, 2009, a felony conviction for felon in possession of firearm, in violation of California Penal Code § 12021(a)(1), in the Orange County Superior Court, Case No. 08NF2609, for which he was sentenced to 3 years in the state prison;

   e. On March 28, 2012, felony convictions for (1) participating in a criminal street gang, in violation of California Penal Code § 186.22(a); and (2) possessing a stolen vehicle in violation of California Penal Code § 496d(a), in the Orange County Superior Court, Case No. 12WF0062, for which he was sentenced to 32 months in the state prison;

   f. On August 11, 2017, felony convictions for (1) false imprisonment and human trafficking, in violation of California Penal Code § 136-237-(a); (2) assault on person with semi-auto firearm, in violation of California Penal Code § 245(b); (3) threaten crime with intent to terrorize, in violation of California Penal Code § 422(a); (4) felon in possession of a loaded firearm, in violation of California Penal

Code § 25400(a)(2)-(c)(1); and (5) carrying a loaded firearm in public, in violation of California Penal Code § 25850(a)-(c)(5), in the Orange County Superior Court, Case No. 15CF1319, for which he was sentenced to 6 years in the state prison; and

      g.  On December 2, 2019, a felony conviction for possess/purchase for sale narcotic/controlled substance, in violation of California Health & Safety Code § 11351, in the Orange County Superior Court, Case No. 19CF0689, for which he was sentenced to 2 years in the state prison.

## V. CONCLUSION

16.  For all the reasons described above, there is probable cause to believe that TAIESE has committed a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of ammunition).

/s/
ROBERT VELASCO
Task Force Officer, FBI

Attested to by the applicant
in accordance with the
requirements of Fed. R. Crim.
P. 4.1 by telephone on this
14th day of April, 2021.

**DOUGLAS F. McCORMICK**
UNITED STATES MAGISTRATE JUDGE